# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-60482 (RK) |
| Katie Marie Koglman, | Chapter 7 |
| Debtor. | Chief Judge Russ Kendig |

### MOTION OF UNITED STATES TRUSTEE PURSUANT TO 11 U.S.C. §§ 707(b)(1), 707(b)(2) AND 707(b)(3) FOR ENTRY OF AN ORDER DISMISSING DEBTOR'S BANKRUPTCY CASE FOR ABUSE

Daniel M. McDermott, United States Trustee for Region 9 (the "United States Trustee"), by and through his undersigned counsel, hereby moves this Court for an order dismissing the above-captioned case for abuse pursuant to 11 U.S.C. §§ 707(b)(1), 707(b)(2) and 707(b)(3) (the "Motion"). In support thereof, the United States Trustee alleges the following:

### Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b); and 28 U.S.C. § 151, and General Order No. 2012 entered on April 4, 2012 by the United States District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B). The United States Trustee has standing to file this Motion pursuant to 11 U.S.C. § 307, 11 U.S.C. § 707(b) and 28 U.S.C. § 586(a)(5).

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under sections 307 and 707(b) of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on this Motion.

**Background**

4. On March 13, 2018 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code. See Docket No. 1. On the Petition Date, the Debtor filed his *Statement of Current Monthly Income* ("Statement of Current Monthly Income"), schedules, and statement of financial affairs (collectively, the "Schedules"). See Docket No. 1. On May 29, 2018, the Debtor filed an amended of certain Schedules. See Docket No. 17.

5. The United States Trustee filed a *Statement of Presumed Abuse* on May 29, 2018. See Docket Entry dated May 29, 2018. Accordingly, this Motion is timely.

6. Upon information and belief, the Debtor's Schedules do not disclose that she and her boyfriend, Adam Olp, (the "Mr. Olp") reside together in Wooster, Ohio in a home owned by Mr. Olp. Upon information and belief, the Debtor and Mr. Olp have been living together since 2016. Upon information and belief, Mr. Olp is employed and financially contributes to household expenses in connection with the home that he shares with the Debtor.

**Debtor's Statement of Current Monthly Income**

7. On the Petition Date, the Debtor's Statement of Current Monthly Income reflects an annualized household income of $71,333.28. See Docket No. 1, pp. 51 – 52. Based on the information included on the Debtor's Statement of Your Current Monthly Income, her household income is above the applicable median income for a family of two in the state of Ohio, $59,555. Therefore, the Debtor completed the Means Test. Id.

8. After reviewing Debtor's Means Test, the United States Trustee has identified the following errors and omissions:

    a. Total Monthly Income – Line 1 – increased from $5,944.44 to $6,666 – based upon information and belief, the Debtor has

2

18-60482-jpg    Doc 31    FILED 06/28/18    ENTERED 06/28/18 12:21:36    Page 2 of 13

        understated her income by at least $722/month. Therefore, the United States Trustee increased the Debtor's monthly income from $5,944.44 to $6,666.

    b.    <u>Ownership or leasing costs using IRS Local Standard</u> – Line 13d – reduced from $485 to $0 – upon information and belief, the Debtor included this expense for the 1997 Dodge Dakota that is in the adult son's possession and is not subject to a lien.

    c.    <u>Involuntary deductions</u> – Line 17 – reduced from $193.33 to $0 – the expense deductions included on this line are limited to payroll deductions that the Debtor's **jobs requires**, such as retirement contributions, union dues and uniform costs. This expense deduction does not include voluntary 401(k) contributions, voluntary 401(k) loan repayments, or other voluntary retirement or profit sharing deductions. Upon information and belief, the amount deducted on this line represents the debtor's voluntary contributions to her 4001k plan. Therefore, the United States Trustee reduced the Debtor's expense deduction from $193.33 to $0.

    d.    <u>Optional Telephone and Telephone Services</u> – Line 23 – reduced from $185 to $50 – reduced because this expense only covers *services other than basic home telephone and cell phone service*. Upon information and belief, the Debtor's included amount is not for services other than basic home telephone and cell phone service.

    e.    <u>Debts that [Debtor] listed in Line 33 Secured by [Debtor's] primary residence</u> – Line 34 – reduced from $6,264 to $0 – upon information and belief, the cure amount included is in connection to property located at 10341 West Old Lincoln Way, Wooster, Ohio. According to the Debtor's statement of intent, the Debtor plans to surrender the property. <u>See</u> Docket No. 1, pp. 5 – 6. In addition, the Court entered an order granting the lender's request for relief from stay in connection with the property. <u>See</u> Docket No. 22. Therefore, the United States Trustee reduced the Debtor's expense deduction from $6,264 to $0.

<u>See</u> Docket No. 1, pp. 53 – 61.

    9.    As a result of the foregoing modifications to the Debtor's Means Test, the presumption of abuse arises. In addition, the Debtor has more than $214.16 or $12,850 to fund a 60–month chapter 13 plan and repay her creditors. Therefore, the United States Trustee asserts that the Debtor's case should be presumed to be an abuse under 11 U.S.C. § 707(b).

**Debtor's Schedules**

10. According to Debtor's Schedules, she is unmarried with one dependent, a 20 year old son. See Docket No. 1, p. 43; Docket No. 17, pp. 3 – 4. The Debtor lists on her Schedules no priority debt and nonpriority general unsecured claims totaling $89,149.76. See Docket No. 1, pp. 25 – 33.

11. The Debtor is employed with Ohio Chamber of Commerce. See Docket No. 17, pp. 3 – 4. The Debtor's amended *Schedule I: Your Income* lists an average gross monthly income of $6,666.66 and net monthly income of $4,563.76. See Docket No. 17, pp. 3 – 4.

12. Based upon the documents provided by the Debtor to the United States Trustee, the Debtor's gross wages for the year 2017 was approximately $96,802, which averages a monthly gross income of $8,066. Upon information and belief, the Debtor's gross wages for 2017 were comprised of her base salary of $77,000, commissions of $15,802 and a special project compensation of $4,000. Based on the foregoing, it appears that the Debtor has only included her base salary in her calculation of her monthly income on *Schedule I: Your Income*. Therefore, the Debtor's monthly income is likely more than the $6,666 amount included on her schedules.

13. The Debtor resides in a home that she shares with Mr. Olp. However, it is unclear whether the Debtor's Schedules includes any information regarding Mr. Olp's financial contribution to the household expenses.

14. According to the Debtor's *Schedule J: Your Expenses*, her monthly net income after paying household expenses is $117.76. See Docket No. 17, pp. 5 – 6. However, the Debtor's *Schedule J: Your Expenses* does not include any information regarding Mr. Olp's financial contribution to the household.

15. The Debtor includes the following expenses (the "Contested Expenses") on her *Schedule J: Your Expenses* without substantiation and explanation/legal support regarding the Debtor's payment of the expenses:

    a. Rental or home ownership – Line 4 – $650 – the United States Trustee has requested from the Debtor documentary evidence to substantiate this expense. The Debtor resides in a home owned by Mr. Olp, and has failed to provide any evidence to substantiate her payment of this expense. The Debtor provided a handwritten ledger, without further supporting documentation, of amounts that she contends she paid for groceries and other items for Mr. Olp's minor child. Debtor offered this handwritten ledger as substantiation for the $650 monthly expense she claims on *Schedule J: Your Expenses*. Upon information and belief, Mr. Olp has a shared parenting plan with his former spouse regarding their minor child, and does not pay child support for the minor child.

    b. Assistance to older son/college tuition for younger son – Line 19 – $1,005 – the Debtor asserts that it is a reasonable expense to financial support her eldest son and pay her youngest son's college tuition and not pay her creditors. See In re Falke, 284 B.R. 133 (Bankr. D. Oregon 2002) (court found substantial abuse where debtor paid the bulk of the household debt and effectively subsidized the lifestyle of the non-debtor spouse allowing her income to go towards a retirement plan, support of an adult son, insurance, and day care for a step-grandson).

16. If the Debtor is unable to substantiate/explain the Contested Expenses, the Debtor's household monthly net income on *Schedule J: Your Expenses* will increase and create the ability for Debtor to repay her debts.

17. Whether based on the Debtor's failure to rebut the presumption of abuse under section 707(b)(2), or the totality of the circumstances under section 707(b)(3), the United States Trustee respectfully requests that the Court dismiss the Debtor's case.

**Relief Requested**

18. Section 707(b)(1) of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and hearing, the court . . . on a motion by the United States Trustee . . . may dismiss a case filed by an individual debtor under this chapter whose debtors are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of this chapter. 11 U.S.C. § 707(b)(1). The Debtor's Petition identifies her debts as primarily consumer debts. See Docket No. 1, p. 6. The United States Trustee asserts that based on the facts of the Debtor's case, granting her a discharge would be an abuse under chapter 7. Therefore, the United States Trustee is requesting that the Court enter an order dismissing the Debtor's bankruptcy case.

*Debtor's Case May be Presumptively Abusive*
*Pursuant to 11 U.S.C. § 707(b)(2) and Should be Dismissed*

19. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") provides for the dismissal of a chapter 7 proceeding where there is a presumption of abuse. BAPCPA insures that "debtors who *can* pay" their creditors "*do* pay" their creditors." Ransom v. FIA Card Services, NA, 131 S. Ct. 716, 721, 178 L. Ed. 2d 603 (2011) (emphasis added); Baud v. Carroll, 634 F. 3d 327 (6th Cir. 2011); McGowan v. McDermott, 446 B.R. 821 (N.D. Ohio 2011).

20. Specifically 11 U. S. C. § 707(b) provides:

(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee..., may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter...

(2)(A)(I) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts

6

determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of

   (I)  25 percent of the debtor's nonpriority unsecured claims in the case, or $7,700, whichever is greater; or

   (II)  $12,850.

21. The standard and actual expenses which a debtor may claim are codified in section 707(b)(2)(A)(ii), (iii) and (iv) of the Bankruptcy Code. If, after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $214.16 per month in monthly net income (*i.e.,* less than $12,850 to fund a 60 month chapter 13 plan), the filing is not presumed abusive. If the debtor has monthly disposable income of more than $214.16 or $12,850 to fund a 60 month chapter 13 plan, the filing is presumed abusive. Finally, if the debtor has between $7,700 and $12,850, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay 25 percent or more of the debtor's nonpriority unsecured debts.

22. If the presumption of abuse arises, it can only be rebutted by special circumstances, such as a serious medical condition or a call or order to active duty in the armed forces. 11 U.S.C. § 707(b)(2)(B)(I). <u>Eisen v. Thompson</u>, 370 B.R. 362 (N.D. Ohio 2007).

23. Based on the foregoing, including the errors and omissions on the Debtor's Means Test identified in paragraph 9 above, there exists sufficient basis to dismiss the Debtor's case. Therefore, the United States Trustee respectfully requests this Court to enter an order dismissing the Debtor's case pursuant to 11 U.S.C. § 707(b)(2).

*Debtor Has Not Rebutted the Presumption of Abuse*
*by Failing to Carry Her Burden of Showing that*
<u>*Special Circumstances Exist in this Case*</u>

24. As stated above, if the presumption of abuse arises, it can only be rebutted by special circumstances, such as a serious medical condition or a call or order to active duty in

7

18-60482-jpg    Doc 31    FILED 06/28/18    ENTERED 06/28/18 12:21:36    Page 7 of 13

the armed forces. See 11 U.S.C. § 707(b)(2)(B)(i). If a presumption of abuse arises, the debtor bears the burden of rebutting the presumption by showing that "special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances . . . justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative" exist. 11 U.S.C. 707(b)(2)(B)(i); Eisen v. Thompson, 370 B.R. 362 (N.D. Ohio 2007).

25. The Bankruptcy Code does not define the term "special circumstances." However, the Bankruptcy Code lists "serious medical condition" and a "call or order to active duty" as illustrations of circumstances that would be deemed "special," it does not limit the term "special circumstances" to these situations. See 11 U.S.C. § 707(b)(2)(B)(i).[1]

26. Section 707(b)(2)(B)(ii) provides the following:

> (ii) in order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide–
>
> (I) documentation for such expense or adjustment to income; and
> (II) a detailed explanation of the special circumstances that make such expense or adjustment to income necessary and reasonable.

11 U.S.C. § 707(b)(2)(B)(ii).

27. The United States Trustee respectfully submits cause exists in this case to warrant dismissal under 11 U.S.C. § 707(b)(2) based on the Debtor's failure to carry her burden of showing whether special circumstances exist in this case. Therefore, the United States Trustee is requesting that the Court enter an order dismissing the Debtor's case.

---

[1] The legislative history regarding BAPCPA provides that the Senate Committee stressed that "special circumstances adjustments must not be used as a convenient way for debtors to choose a more expensive lifestyle." S. REP. No. 106-49, at 7 (1999). Rather, the debtor's "special circumstances" must show that he or she "in fact does not have a meaningful ability to repay his or her debts." *Id.*

8

18-60482-jpg    Doc 31    FILED 06/28/18    ENTERED 06/28/18 12:21:36    Page 8 of 13

*Based on the Totality of the Circumstance,
the Debtor's Case Should be Dismissed Pursuant to
11 U.S.C. § 707(b)(3)(B)*

28. If the Court determines the presumption of abuse does not arise or is rebutted, the United States Trustee asserts that this case is an abuse under the totality of the circumstances and it should be dismissed under 11 U.S.C. § 707(b)(3). Specifically, 707(b)(3) provides in pertinent part:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
> . . .
>
> (B) [whether] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

29. BAPCPA modified the standard for determining if a case should be dismissed from "substantial abuse" to the more lenient "abuse" standard. See 11 U.S.C. § 707(b)(3). Prior to BAPCPA, courts looked to the totality of the circumstances to determine whether to dismiss a case for substantial abuse under section 707(b) of the Bankruptcy Code. In re Mestemaker, 359 B.R. 849 (Bankr. N.D. Ohio 2007). In interpreting BAPCPA, case law prior to the enactment of BAPCPA is helpful in determining abuse under section 707(b). Id.

30. Prior to the enactment of BAPCPA, the United States Court of Appeals for the Sixth Circuit held that "[s]ubstantial abuse can be predicated upon either lack of honesty or want of need." Behlke v. Eisen (In re Behlke), 358 F. 3d 429 (6th Cir. 2004); In re Krohn, 886 F.2d 123, 126 (6th Cir. 1989). Factors relevant in determining "want of need" include, but are not limited to, the ability to repay creditors out of future earnings, whether the debtor enjoys a stable source of income and whether the debtor is eligible for chapter 13 relief. Id. The ability to repay creditors from disposable income is the primary factor to be considered in any determination of

9

abuse. See, e.g. In re Jordan, 428 B.R. 430, 433 (Bankr. N.D. Ohio 2010); In re Brenneman, 397 B.R. 866, 870-71 (N.D. Ohio 2008); In re Matias, 203 B.R. 490, 492 (Bankr. S.D. Fla. 1996).

31. When debtors have disposable income that would cause the presumption to arise under section 707(b)(2), the Court may use this amount as a guideline when determining whether to dismiss a case under 11 U.S.C. § (707)(b)(3). In re Mestemaker, 359 B.R. at 858 (noting that the amount triggering abuse under 11 U.S.C. § 707(b)(2) may be useful as a guideline when analyzing a motion to dismiss under 11 U.S.C. § 707(b)(3)).

32. Nothing in BAPCPA indicates that courts are now required to give a different meaning to the phrase "totality of the circumstances" than they did pre-BAPCPA. Section 707(b)(3)(B) of the Bankruptcy Code specifically states that the Court shall consider the totality of circumstances of the debtor's financial situation. The plain language of section 707(b)(3)(B) of the Bankruptcy Code requires the court to consider the "totality of circumstances" of a debtor's financial situation. This analysis includes a debtor's ability to repay the debtor's debts.

33. Another factor is whether expenses can be reduced without depriving debtors of any necessities. In re Srikantia, 417 B.R. 505, 509 (Bankr. N.D. Ohio 2009).

34. There are a number of independent factors present in this case that provide a basis for this Court to enter an order dismissing the Debtor's case for abuse pursuant to 11 U.S.C. § 707(b). First, based upon information and belief, the Debtor's monthly income on *Schedule I: Your Income* is likely understated and does not includes the income earned by the Debtor in connection with commissions and bonuses. The additional income will provide the Debtor with an ability to repay her creditors. Second, the Debtor's expenses listed on *Schedule J: Your Expenses* do not include or account for Mr. Olp's financial contribution to the household. Third, the Debtor's

*Schedule J: Your Expenses* include the Contested Expenses (outlined above in paragraph 15) without substantiation or explanation. And the fourth factor is the Debtor seeking the discharge of debts, but plans to continue to subsidize her adult son's living expenses and the college tuition expense for her youngest son. Courts have held that the educational expenses of a debtor's adult children is discretionary and should not be foisted upon a debtor's prepetition creditors. See In re Staub, 256 B.R. 567, 570 (Bankr. M.D. Pa. 2000); see also In re Phaler, 2007 WL 2156401 (Bankr. N.D. Ohio 2007) (while payment of college expenses by a parent is laudable, a debtor is not free to do so at the expense of unsecured creditors).

35. As a result of the foregoing modifications to Debtor's *Schedule I: Your Income* and *Schedule J: Your Expenses*, the household monthly net income increases, and provides the Debtor with an ability to repay her creditors/debts.

36. This Court may dismiss a case based upon the totality of circumstances even when there is no apparent ability to repay creditors. In re Kunkelman, 417 B.R. 489, 494 (Bankr. N.D. Ohio 2009) (a debtor with no amount or a marginal level of disposable income may still have their case dismissed for abuse under section 707(b)(3)(B) if the totality of the debtor's financial situation so warrants.) (citation omitted). Based on the foregoing, there exists sufficient basis to dismiss the Debtor's case. Therefore, the United States Trustee respectfully requests this Court to enter an order dismissing the Debtor's case pursuant to 11 U.S.C. § 707(b)(3).

*Debtor Has the  
Ability to Repay Her Creditors*

37. Courts have held that an ability to pay creditors is grounds for dismissal under 11 U.S.C. § 707(b)(3). See, e.g., In re Mestemaker, 359 B.R. at 857—858 (an ability to pay an amount equal to the abuse threshold under § 707(b)(2) is relevant to determining whether debtors exhibit a want of need sufficient to find abuse under § 707(b)(3)). The ability to fund a

chapter 13 plan is a factor for determining "substantial abuse." Behlke, 358 F.3d at 438 (dismissing a case where debtors' disposable income would pay a *pro rata* dividend to unsecured creditors of 14% in a 36-month chapter 13 plan, or 23% over a five-year plan).

38. The totality of Debtor's financial circumstances demonstrates this case should be dismissed under section 707(b)(3)(B) of the Bankruptcy Code because the Debtor has the ability to repay a portion of her unsecured debts based upon her corrected household income, the Contested Expenses and a likely greater portion if Mr. Olp's financial contribution to the household is included on the Debtor's Schedules and Statement of Current Monthly Income

39. Based on the foregoing, to grant the Debtor a discharge would be an abuse.

**WHEREFORE,** the United States Trustee respectfully requests this Court to enter an order dismissing the Debtor's case pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(2), or, in the alternative, 11 U.S.C. § 707(b)(3), and for such further relief as may be appropriate.

Dated: June 28, 2018

Respectfully submitted,

**DANIEL M. MCDERMOTT**
**UNITED STATES TRUSTEE, REGION 9**

By: /s/ Tiiara N. A. Patton .
Tiiara N. A. Patton (0081912)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue E, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-7800
Fax: (216) 522-7193
Email: tiiara.patton@usdoj.gov

## Certificate of Service

        I hereby certify that on June 28, 2018, a true and correct copy of ***Motion of United States Trustee for Entry of an Order Pursuant to 11 U.S.C. §§ 707(b)(1), 707(b)(2) and 707(b)(3) Dismissing Debtor's Bankruptcy Case for Abuse*** was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Lisa M. Barbacci, Trustee - Canton    barbaccitrustee@gmail.com, lbarbacci@ecf.epiqsystems.com
- Scott D. Fink    ecfndoh@weltman.com
- Ronald R. Stanley    Rstanleymed@aol.com, G23539@notify.cincompass.com

Via Regular United States Mail, postage pre-paid:

John V. Boggins
1428 Market Avenue N
Canton, OH 44714-2616

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

TOYOTA MOTOR CREDIT Corporation
14841 Dallas Parkway, Suite 300
Dallas, TX 75254

            By:    */s/ Tiiara N. A. Patton*    .
                 Tiiara N. A. Patton (0081912)
                 Trial Attorney
                 United States Department of Justice
                 Office of the United States Trustee
                 Howard M. Metzenbaum U.S. Courthouse
                 201 Superior Avenue E, Suite 441
                 Cleveland, Ohio 44114
                 Phone: (216) 522-7800
                 Fax:    (216) 522-7193
                 Email:  tiiara.patton@usdoj.gov